IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CIARA CHILDRESS, TANYA HAYDEN, CHRISTOPHER HERNS, JIHAD MACKEY, ALFREDO SMITH, ELIZABETH SMITH, NICOLE SMITH, and FLOYD THOMPSON,<br><br>Plaintiffs,<br>v.<br><br>TELECOM BROKERAGE INC., GEOFFREY SHEPSTONE, and KENNETH MERCER,<br>Defendants. | FILED: JUNE 6, 2008<br>08CV3272<br>JUDGE MAROVICH<br>MAGISTRATE JUDGE BROWN<br><br>EDA |

**COMPLAINT FOR DISCRIMINATION AND RETALIATION
IN VIOLATION OF 42 U.S.C. § 1981,** *et seq.*

Plaintiffs, Ciara Childress, Tanya Hayden, Christopher Herns, Jihad Mackey, Alfredo Smith, Elizabeth Smith, Nicole Smith, and Floyd Thompson*,* by and through their attorneys Aaron B. Maduff and Jason M. Johnson, of Maduff & Maduff, LLC, for their Complaint against Defendant, Telecom Brokerage Inc., allege and state as follows:

**Introduction**

1. Plaintiffs, all African Americans, are or were employed by Defendant, a telecom brokerage firm located in Chicago, Illinois. In 2007, Defendant began firing African Americans because it wanted to get rid of all of its black employees. The Senior Accountant/Operations, also a plaintiff in this case, was explicitly told to fire black employees because of their race. After she complained to the President of the company about the motivations for firing the employees and the racial discrimination she had endured, the President instructed the employees not to speak to her and began making false statements to employees and outside agents about her performance. Plaintiffs

were also denied promotions, raises, and training. Plaintiffs bring this action pursuant to 42 U.S.C. §1981 *et seq*.

## The Parties

2.  Plaintiffs are citizens of the state of Illinois, residing within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division, and are current or former employees of Defendant.

3.  Defendant Telecom Brokerage Inc. ("Defendant" or "TBI") is an organization doing business within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division, and currently employs or formerly employed Plaintiffs.

4.  Defendant Geoffrey Shepstone ("Shepstone") as an individual residing within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division. At all relevant times, Shepstone was and is President of Defendant, TBI.

5.  Defendant Kenneth Mercer, ("Mercer") as an individual residing within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division. At all relevant times, Mercer was and is Vice President of Defendant, TBI.

## Jurisdiction

6.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 as this cause of action arises under the Constitution, laws, or treaties of the United States and involves federal questions pursuant to 42 U.S.C. §1981 *et seq*.

## Venue

7.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the facts giving rise to this cause of action occurred in this judicial district.

## Factual Allegations

**Nicole Smith**

8. Nicole Smith ("Ms. Smith") was hired by TBI in 2007.

9. She is currently employed as the Senior Accountant/Operations.

10. Ms. Smith is African American.

11. In 2007, Ms. Smith was ordered to fire numerous African Americans employed by TBI in the National Call Center ("Call Center").

12. In February 2007, Ms. Smith began firing dozens of African American employees at the direction of TBI.

13. Ms. Smith has repeatedly been subjected to racist comments made about her and her fellow African American co-workers.

14. In May 2008, Ms. Smith sent an email to Shepstone in which she stated that she felt she was being discriminated against because of her race and that she was subjected to a racially hostile environment.

15. In her email to Shepstone, Ms. Smith also complained of having to fire people because of their race.

16. Subsequently, Shepstone told employees not to speak to Ms. Smith.

17. Shepstone also began making false statements to outside agents regarding Ms. Smith's work performance.

18. During her employment, Ms. Smith has been paid a lower salary than less-qualified non-African American employees, many of whom she trained.

**Other Employees**

19.	Plaintiffs, participants of this lawsuit other than Nicole Smith ("Plaintiffs"), were or are employed by TBI as National Account Executives or Commissions Analysts.

20.	During their employment with TBI, Plaintiffs were subjected to derogatory, racially-charged comments.

21.	With the exception of Tanya Harden, who is still employed, between February 2007 and the present, the Plaintiffs were fired from their positions at TBI without cause or any explanation as to why they were being fired.

22.	At all relevant times, Plaintiffs were performing their duties at least as well as their non-African American counterparts.

23.	Nevertheless, non-African American employees were not terminated.

24.	Plaintiffs were in fact terminated because of their race.

25.	In addition, Plaintiffs were denied promotions, raises, and training that their non-African American counterparts received.

**Count I**
**Demand for Relief for Discrimination Based on Race in**
**Violation of 42 U.S.C. § 1981, *et seq*. by All Plaintiffs**

26.	Plaintiffs restate and reallege paragraphs 1 thru 25 as paragraph 26 of this Count I.

27.	Based on the foregoing, Plaintiffs were subjected to unequal terms and conditions of employment because of their race, in violation of 42 U.S.C. §1981 *et seq*.

28.	As a result of Defendant's unlawful actions, Plaintiffs have suffered stress,

humiliation, loss of income and other benefits of employment, and other damages of both a pecuniary and non-pecuniary nature.

29.　　Because Defendant acted with reckless disregard of Plaintiffs' rights, the imposition of punitive damages is appropriate.

WHEREFORE, Plaintiffs, Ciara Childress, Tanya Hayden, Christopher Herns, Jihad Mackey, Alfredo Smith, Elizabeth Smith, Nicole Smith, and Floyd Thompson, respectfully request that this Honorable Court enter judgment in their favor and against Defendants, Telecom Brokrage Inc., Geoffrey Shepstone, and Kenneth Mercer, jointly and severally, for lost wages, compensatory damages, and against Telecom Brokerage Inc, Geoffrey Shepstone, and Kenneth Mercer, each individually for punitive damages and such other and further relief that this Court deems just and equitable.

### Count II
### Demand for Relief for Retaliation in
### Violation of 42 U.S.C. § 1981, *et seq.*
### by Nicole Smith

30.　　Plaintiff Nicole Smith restates and realleges paragraphs 1 thru 29 as paragraph 30 of this Count II.

31.　　Based upon the foregoing, Defendant retaliated against Plaintiff after she complained of discrimination and/or opposed discrimination, in violation of 42 U.S.C. §1981 *et seq*.

32.　　Because Defendant acted with reckless disregard of Plaintiff's rights, the imposition of punitive damages is appropriate.

33.     As a result of Defendant's unlawful actions, Plaintiff has suffered stress, humiliation, loss of income and other benefits of employment, and other damages of both a pecuniary and non-pecuniary nature.

WHEREFORE, Plaintiff Nicole Smith respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, Telecom Brokrage Inc., Geoffrey Shepstone, and Kenneth Mercer, jointly and severally, for lost wages, compensatory damages, and against Telecom Brokerage Inc, Geoffrey Shepstone, and Kenneth Mercer, each individually for punitive damages and such other and further relief that this Court deems just and equitable.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

Respectfully submitted,

Ciara Childress, *et al.*


By: /s/ Jason M. Johnson
         One of their attorneys

Aaron B. Maduff
Atty. No. 06226932
Jason M. Johnson
Atty. No. 628500
Maduff & Maduff, LLC
One East Wacker Dr.,
Suite 2122
Chicago, Illinois 60601
312/276-9000