**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CIARA CHILDRESS, TANYA HAYDEN, CHRISTOPHER HERNS, JIHAD MACKEY, ALFREDO SMITH, ELIZABETH SMITH, NICOLE SMITH, and FLOYD THOMPSON, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No.: 08CV3272 Judge Marovich |
| TELECOM BROKERAGE INC., GEOFFREY SHEPSTONE and KENNETH MERCER, ) ) ) ) | Magistrate Judge Brown |
| Defendants. ) | |

**ANSWER TO COMPLAINT**

Defendants, Telecom Brokerage Inc. ("TBI"), Geoffrey Shepstone and Kenneth Mercer, hereby respond to Plaintiffs' Complaint as follows:

**PARAGRAPH NO. 1:**

Plaintiffs, all African Americans, are or were employed by Defendant, a telecom brokerage firm located in Chicago, Illinois. In 2007, Defendant began firing African Americans because it wanted to get rid of all of its black employees. The Senior Accountant/Operations, also a plaintiff in this case, was explicitly told to fire black employees because of their race. After she complained to the President of the company about the motivations for firing the employees and the racial discrimination she had endured, the President instructed the employees not to speak to her and began making false statements to employees and outside agents about her performance. Plaintiffs were also denied promotions, raises, and training. Plaintiffs bring this action pursuant to 42 U.S.C. §1981 *et seq.*

**ANSWER:**

Defendants admit that Plaintiffs are African Americans who were or is (Hayden) employed by TBI, that TBI is located in Chicago, Illinois, and that they allege violations of 42 U.S.C. §1981, but Defendants deny all of the remaining allegations in this paragraph.

**PARAGRAPH NO. 2:**

Plaintiffs are citizens of the state of Illinois, residing within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division, and are current or former employees of Defendant.

**ANSWER:**

Defendants admit that Plaintiffs are current and former employees of TBI, that they are residents of the State of Illinois and, upon information and belief, that they reside within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division, but Defendants deny the remaining allegations in this paragraph.

**PARAGRAPH NO. 3:**

Defendant Telecom Brokerage Inc. ("Defendant" or "TBI") is an organization doing business within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division, and currently employs or formerly employed Plaintiffs.

**ANSWER:**

Defendants admit the allegations in this paragraph.

**PARAGRAPH NO. 4:**

Defendant Geoffrey Shepstone ("Shepstone") as an individual residing within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division. At all relevant times, Shepstone was and is President of Defendant, TBI.

**ANSWER:**

Defendants admit the allegations in this paragraph.

**PARAGRAPH NO. 5:**

Defendant Kenneth Mercer, ("Mercer") as an individual residing within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division. At all relevant times, Mercer was and is Vice President of Defendant, TBI.

**ANSWER:**

Defendants admit the allegations in this paragraph.

**PARAGRAPH NO. 6:**

The jurisdiction of this Court is involved pursuant to 28 U.S.C. § 1331 as this cause of action arises under the Constitution, laws, or treaties of the United States and involves federal questions pursuant to 42 U.S.C. §1981 *et seq.*

**ANSWER:**

Defendants deny any suggestion that they have violated 42 U.S.C. §1981 but admit the remaining allegations in this paragraph.

**PARAGRAPH NO. 7:**

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the facts giving rise to this cause of action occurred in this judicial district.

**ANSWER:**

Defendants admit that venue is proper in this Court but deny the remaining allegations in this paragraph to the extent that they are inconsistent with Defendants' admissions herein.

**PARAGRAPH NO. 8:**

Nicole Smith ("Ms. Smith") was hired by TBI in 2007.

**ANSWER:**

Defendants admit the allegations in this paragraph.

**PARAGRAPH NO. 9:**

She is currently employed as the Senior Accountant/Operations.

**ANSWER:**

Defendants deny the allegations in this paragraph.

**PARAGRAPH NO. 10:**

Ms. Smith is African American.

**ANSWER:**

Defendants admit the allegations in this paragraph.

**PARAGRAPH NO. 11:**

In 2007, Ms. Smith was ordered to fire numerous African Americans employed by TBI in the National Call Center ("Call Center").

**ANSWER:**

Defendants deny the allegations in this paragraph.

**PARAGRAPH NO. 12:**

In February 2007, Ms. Smith began firing dozens of African American employees at the direction of TBI.

**ANSWER:**

Defendants deny the allegations in this paragraph.

**PARAGRAPH NO. 13:**

Ms. Smith has repeatedly been subjected to racist comments made about her and her fellow African American co-workers.

**ANSWER:**

Defendants deny the allegations in this paragraph.

**PARAGRAPH NO. 14:**

In May 2008, Ms. Smith sent an email to Shepstone in which she stated that she felt she was being discriminated against because of her race and that she was subjected to a racially hostile environment.

**ANSWER:**

Defendants deny the allegations in this paragraph except that Defendants admit that on May 19, 2008, Smith sent an email to Shepstone alleging that Shepstone and Mercer had made racially derogatory comments and stating her belief that TBI had discriminated against others, but Defendants deny that the accusations in Smith's May 19, 2008 email were truthful.

**PARAGRAPH NO. 15:**

In her email to Shepstone, Ms. Smith also complained of having to fire people because of their race.

**ANSWER:**

Defendants deny the allegations in this paragraph. Answering further, Defendants admit that on May 19, 2008, Smith sent an email to Shepstone stating her belief "that I have been forced to fire several people because of their color," but Defendants deny that the accusations in Smith's May 19, 2008 email were truthful.

**PARAGRAPH NO. 16:**

Subsequently, Shepstone told employees not to speak to Ms. Smith.

**ANSWER:**

Defendants deny the allegations in this paragraph.

**PARAGRAPH NO. 17:**

Shepstone also began making false statements to outside agents regarding Ms. Smith's work performance.

**ANSWER:**

Defendants deny the allegations in this paragraph. To the contrary, TBI had been receiving complaints from third parties about Ms. Smith's job performance long before May 19, 2008, and as of April 10, 2008, TBI determined to terminate Ms. Smith's employment because of her inadequate performance.

**PARAGRAPH NO. 18:**

During her employment, Ms. Smith has been paid a lower salary than less-qualified non-African American employees, many of whom she trained.

**ANSWER:**

Defendants deny the allegations in this paragraph.

**PARAGRAPH NO. 19:**

Plaintiffs, participants of this lawsuit other than Nicole Smith ("Plaintiffs"), were or are employed by TBI as National Account Executives or Commissions Analysts.

**ANSWER:**

Defendants admit the allegations in this paragraph.

**PARAGRAPH NO. 20:**

During their employment with TBI, Plaintiffs were subjected to derogatory, racially-charged comments.

**ANSWER:**

Defendants deny the allegations in this paragraph.

**PARAGRAPH NO. 21:**

With the exception of Tanya Harden [sic], who is still employed, between February 2007 and the present, the Plaintiffs were fired from their positions at TBI without cause or any explanation as to why they were being fired.

**ANSWER:**

Defendants admit that Tanya Hayden remains employed by TBI and that the other Plaintiffs were discharged at varying times during 2007 and 2008, and Defendants deny the remaining allegations in this paragraph.

**PARAGRAPH NO. 22:**

At all relevant times, Plaintiffs were performing their duties at least as well as their non-African American counterparts.

**ANSWER:**

Defendants deny the allegations in this paragraph.

**PARAGRAPH NO. 23:**

Nevertheless, non-African American employees were not terminated.

**ANSWER:**

Defendants deny the allegations in this paragraph.

**PARAGRAPH NO. 24:**

Plaintiffs were in fact terminated because of their race.

**ANSWER:**

Defendants deny the allegations in this paragraph.

**PARAGRAPH NO. 25:**

In addition, Plaintiffs were denied promotions, raises, and training that their non-African American counterparts received.

**ANSWER:**

Defendants deny the allegations in this paragraph.

**Count I**
**Race Discrimination Claim by All Plaintiffs**

**PARAGRAPH NO. 26:**

Plaintiffs restate and reallege paragraphs 1 thru 25 as paragraph 26 of this Count I.

**ANSWER:**

Defendants restate and reallege their responses to paragraphs 1 trough 25 as their response to paragraph 26 of this Count I.

**PARAGRAPH NO. 27:**

Based on the foregoing, Plaintiffs were subjected to unequal terms and conditions of employment because of their race, in violation of 42 U.S.C. §1981 *et seq.*

**ANSWER:**

Defendants deny the allegations in this paragraph.

**PARAGRAPH NO. 28:**

As a result of Defendant's unlawful actions, Plaintiffs have suffered stress, humiliation, loss of income and other benefits of employment, and other damages of both a pecuniary and non-pecuniary nature.

**ANSWER:**

Defendants deny the allegations in this paragraph.

**PARAGRAPH NO. 29:**

Because Defendant acted with reckless disregard of Plaintiffs' rights, the imposition of punitive damages is appropriate.

**ANSWER:**

Defendants deny the allegations in this paragraph.

**Count II**
**Retaliation Claim by Nicole Smith**

**PARAGRAPH NO. 30:**

Plaintiff Nicole Smith restates and realleges paragraphs 1 thru 29 as paragraph 30 of this Count II.

**ANSWER:**

Defendants restate and reallege their responses to paragraphs 1 trough 29 as their response to paragraph 30 of this Count I.

**PARAGRAPH NO. 31:**

Based upon the foregoing, Defendant retaliated against Plaintiff after she complained of discrimination and/or opposed discrimination, in violation of 42 U.S.C. §1981 *et seq.*

**ANSWER:**

Defendants deny the allegations in this paragraph.

**PARAGRAPH NO. 32:**

Because Defendant acted with reckless disregard of Plaintiff's rights, the imposition of punitive damages is appropriate.

**ANSWER:**

Defendants deny the allegations in this paragraph.

**PARAGRAPH NO. 33:**

As a result of Defendant's unlawful actions, Plaintiff has suffered stress, humiliation, loss of income and other benefits of employment, and other damages of both a pecuniary and non-pecuniary nature.

**ANSWER:**

Defendants deny the allegations in this paragraph.

### AFFIRMATIVE DEFENSES

1. With respect to any claims for monetary relief, Defendants are entitled to a set-off from liability, if any, for sums earned by Plaintiffs since their employment ceased.

2. Plaintiffs are obligated to mitigate their alleged damages with respect to claims for monetary relief; these claims should be barred, or in the alternative reduced, if Plaintiffs failed to mitigate their alleged damages.

3. Plaintiffs' claim for relief is limited if and to the extent that Plaintiffs have falsified their employment application(s) with TBI, and this falsification is discovered hereafter.

WHEREFORE, Defendants, Telecom Brokerage, Inc., Geoffrey Shepstone and Kenneth Mercer, respectfully request that Plaintiffs' Complaint be dismissed, in its entirety and with prejudice, and that Defendants be granted their costs and fees and such further and additional relief as the Court deems just and proper.

Date: September 2, 2008                TELECOM BROKERAGE INC., GEOFFREY
                                       SHEPSTONE and KENNETH MERCER


                                       By:  /s/Jeffrey S. Fowler
                                            One of Their Attorneys

Joseph M. Gagliardo
Jeffrey S. Fowler
Laner, Muchin, Dombrow, Becker,
 Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60610
(312) 467-9800
(312) 467-9479 (fax)

## **CERTIFICATE OF SERVICE**

I, Jeffrey S. Fowler, an attorney, hereby certify that on September 2, 2008, I caused the foregoing **Answer to Complaint** in the above-captioned matter to be filed with the Clerk of the District Court and served on the party of record listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

> Aaron B. Maduff
> Jason M. Johnson
> Maduff & Maduff, LLC
> One East Wacker Drive
> Suite 2122
> Chicago, IL  60601

> /s/Jeffrey S. Fowler
> Jeffrey S. Fowler